**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:15-cv-00282-CMA-KMT

STEVE BRYANT, an individual,

        PLAINTIFF,

v.

EDWARD D. JONES & CO., d/b/a EDWARD JONES, a Missouri limited partnership,

        DEFENDANT.

---

## PROTECTIVE ORDER

---

This is an action seeking redress under Title VII of the Civil Rights Act of 1964. Because of the nature of this action, discovery to date has included, and may continue to include, information maintained by both parties that may be subject to protection from disclosure.

The Court has considered the Motion for Entry of Protective Order. Upon a showing of good cause in support of the entry of this Protective Order, the Court GRANTS said Motion. Thus, pursuant to Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential information or information which may improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

IT IS HEREBY ORDERED:

1. To address certain types of confidential information and documents covered by this Protective Order, the parties have agreed to designate certain information

as "confidential" and limit disclosure accordingly.   This Protective Order shall apply to: "Documents," defined in its broadest sense and defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a)(1), including but not limited to tangible things, electronically stored information, diaries, journals, notes, correspondence, memoranda, calendars, journals or other similar materials, electronic or computerized data compilations and stored information which are in either Plaintiff's or Defendant's possession, custody, or control, or to which Plaintiff or Defendant has, has had, or can obtain access.   This includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information, including any transcription, recording, extract, abstract, chart, summary, note, or copy made therefrom.

2.    "Confidential Information" means any Document which, after having been reviewed by one of the lawyers for the parties, is designated by that lawyer as confidential based on a good faith belief that the information is indeed confidential or otherwise entitled to protection under Fed. R.Civ. P. 26(c).   The designation as "Confidential" only affects how the receiving party or party's counsel handles such documents or information. That is, the designation does not affect how the party or party's counsel who produces the document or information handles such documents or information apart from designating such documents or information as Confidential pursuant to this Protective Order.

3.    The lawyer for the party designating any information as Confidential will make that designation in the following manner:

a.    By imprinting the word "Confidential" on any document;

2

b.     By imprinting the word "Confidential" next to or above any response to a discovery request;

c.     With respect to documents, information, or data produced on or before the date of this Order, by providing opposing counsel with an otherwise identical copy of discovery responses designating such documents, information, or data as "Confidential" by the means described in 4(a) and 4(b), *supra*.

d.     With respect to documents, information, or data or produced in a format in which imprinting the word "Confidential" is impractical, by giving written notice to opposing counsel designating such documents, information, or data as "Confidential."

e.     With respect to transcribed testimony, by giving notice on the record during deposition or written notice to opposing counsel designating such portions as "Confidential;" and

f.      With respect to documents provided by any third party to this action, by giving written notice to opposing counsel designating such portions as "Confidential."

4.     All Confidential Information shall be subject to the following restrictions:

a.     It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.     It shall not be communicated or disclosed by any party's counsel or a party, or their employee, agent or representative, in any manner,

either directly or indirectly, to any third party except for purposes of this case and unless an affidavit has been signed by the recipient of the Confidential Information agreeing to abide by the terms of this Protective Order; provided, however, that no affidavit need be procured before showing or communicating Confidential Information to a witness in the course of any deposition, hearing, or trial in this case.

5.      Individuals authorized to review Confidential Information received from the opposing party pursuant to this Protective Order includes: 1) attorneys actively working on this case; 2) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; 3) the parties, including designated representatives for Defendant; 4) expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case; 5) the Court and its employees ("Court Personnel"); 6) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; 7) deponents, witnesses, or potential witnesses disclosed pursuant to Rule 26(a)(1) to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case; and 8) other persons by advance written agreement of the Parties. These Individuals shall also hold the Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized

to do so by court order or written agreement by the party disclosing the Confidential Information.   Documents marked Confidential that were disclosed before the entry of this Protective Order shall be governed by this Protective Order.

6.      Any counsel or party who discloses Confidential Information received from the opposing party shall be responsible for assuring compliance with the terms of this Protective Order by persons (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters) to whom such Confidential Information is disclosed and shall obtain and retain original affidavits signed by qualified recipients of the Confidential Information in the form attached hereto as Exhibit A, and shall maintain a list of all persons to whom any Confidential Information received from the opposing party is disclosed.   During the pendency of this action, opposing counsel may upon Court Order or agreement of the parties inspect the list maintained by counsel.

7.      Any party who inadvertently fails to identify documents or information as Confidential shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.   Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return, or destroy the improperly-designated documents.

8.      Whenever a deposition involves the disclosure of Confidential Information, the portions thereof that involve the disclosure of Confidential Information shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible,

but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing Confidential information must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

9.      A party may object to the designation of particular Confidential Information received from the opposing party by giving written notice to the party designating the disputed information within ten (10) business days of receipt of the designation.   The written notice shall identify the information to which the objection is made.   If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.   If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion.   If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order.   In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as

Confidential.

10.     If either party wishes to use, quote, or discuss Confidential Information received from the opposing party in any court filing, that party shall file the Confidential Information as a Level 1 restricted document with an accompanying motion to restrict, pursuant to D.C.COLO.LR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado."   A party seeking to file with the Court any Confidential material that has been designated by the other party may request that the designating party provide the information required by D.C.COLO.LCivR 7.2(c) by notifying counsel for the designating party in writing at least ten (10) business days before the filing is to occur.   If such a request is made, counsel for the designating party shall, within five (5) business days, respond in writing providing the information required by D.C.COLO.LCivR 7.2(c). If no such timely request is made, the party seeking to file the Confidential Information must in good faith provide the information required by D.C.COLO.LCivR 7.2(c).   If either party wishes to use, quote, or discuss Confidential Information in any hearing or at trial, the party proposing such use shall first confer with opposing counsel regarding the proposed disclosure and shall move the Court for restriction of the Confidential Information no less than 21 calendar days prior to the hearing or trial so that the Court may determine what action, if any, should be taken to protect the Confidential Information from disclosure to the public.

11.     Upon termination of this litigation, including any appeals, each party's counsel shall, within forty-five (45) calendar days, return to the producing party all Confidential Information received from the opposing party provided subject to this

Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall destroy such information; provided, however, that counsel for each Party may retain one copy of the Confidential documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents.   If the parties agree to destroy the Confidential Information, the destroying party shall provide the producing party with a certification or affidavit confirming the destruction.   The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information received from the opposing party pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

12.     By the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced.

13.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion addressing how Confidential Information shall be treated at trial.

14.     In all court filings, the Parties will comply with D.C.COLO.LCivR 7.2 as to any information to be submitted under restriction based on this Protective Order.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 7th day of June, 2015.

By the Court:

Kathleen M. Tafoya
United States Magistrate Judge